GREGORY L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE: (213) 477-2355

*Attorneys for Plaintiff,* ABELARDO FLORES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY MIKEY NARINE, and DOE DEPUTIES 1-10,<br><br>Defendants, | **Case No.: 5:25-cv-2123**<br><br>**PLAINTIFF´S COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Excessive Force (42 U.S.C. § 1983);<br>3. Denial of Medical Care (42 U.S.C. § 1983); and<br>4. Failure to Prevent Violation of Others (42 U.S.C. § 1983);<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Abelardo Flores ("Plaintiff"), hereby files this Complaint for Damages against County of San Bernardino, Deputy Mikey Narine, and DOE Deputies 1-10.

2. As discussed in further detail herein, this Complaint arises out an incident that occurred on August 22, 2023, at or near 14563 Monterey Pl, in the City of Adelanto, in the County of San Bernardino. Plaintiff alleges that the Defendants´ conduct constituted or led to the violation of Plaintiff's civil rights.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff´s claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

## PARTIES AND GENERAL ALLEGATIONS

5. At all relevant times, the individual Plaintiff Abelardo Flores was residing in the County of San Bernardino, California.

6. At all relevant times, Deputy Narine and DOE Deputies 1-10 were individuals residing in the County of San Bernardino, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Deputies."

7. At all relevant times, the Individual Deputies were acting under the color of law within the course and scope of their employment and duties as agents for Defendant County of San Bernardino. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2,

Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees.

8. At all relevant times, Defendant County of San Bernardino is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. Herein after, the Individual Deputies and County of San Bernardino will be collectively referred to as "Defendants".

9. At all relevant times, County of San Bernardino is and was a chartered subdivision of the State of California with the capacity to be sued. County of San Bernardino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Deputies. At all relevant times, Defendant County of San Bernardino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Deputies.

10. The true names and/or capacities of the Individual Deputies designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

11. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or

otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

13. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as an employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

14. Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SHORT STATEMENT OF INCIDENT

15. The incident at issue in this action occurred on August 22, 2023, at approximately 3:00 PM, at or near 14563 Monterey Place, in the City of Adelanto, County of San Bernardino.

16. At the time of the incident, Plaintiff Robert Flores was inside his residence, specifically in a downstairs bedroom, resting after having been the random victim of a gun shot at a nearby park.

17. Plaintiff is informed and believes, and based on such information and belief alleges, that his family called Nine-One-One to request emergency medical aid for Plaintiff. Plaintiff is also informed and believes that his family was waiting outside their family home to meet the ambulance that would arrive and take them to Plaintiff who was caring for his wounds on the floor of the bedroom in their house.

18. Plaintiff is informed and believes that Individual Deputies entered Plaintiff's house without a warrant, with no intention to conduct emergency aid, and

without any legal justification, all despite numerous family members informing them that Plaintiff was the victim of a gunshot wound and that he had done nothing wrong.

19. Plaintiff first became aware of the Individual Deputies' presence when he heard an unidentified voice say "here he is" from just outside the bedroom. As he sat up Plaintiff was clearly suffering from a gunshot wound and was unarmed. He was suddenly kicked in the face by one of the Individual Deputies without being issued any warnings or commands.

20. Plaintiff believes he lost consciousness following the initial kick. When he regained awareness, he was on the ground being physically struck by the Individual Deputies. Plaintiff was then lifted, handcuffed, and taken outside, where he was placed in a squad car. Shortly afterward, he was removed from the squad car, unhandcuffed, and transported by helicopter to the hospital for treatment. At the hospital, Plaintiff complied with a gunshot residue test. After medical care was provided, Plaintiff was released without being charged.

21. Plaintiff was never arrested or charged in connection with the incident.

22. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff´s State and Federal civil rights.

23. For the conduct alleged above, Plaintiff hereby bring the following causes of action:

### FIRST CLAIM FOR RELIE

### Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

24. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25. On August 22, 2023, the Individual Deputies stopped, searched, and seized the Plaintiff´s person and home.

26. The Individual Deputies searched and seized Plaintiff´s person and

property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

27. Specifically, by means of force and a show of authority, the Individual Deputies commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

28. At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

29. At all relevant times before the Individual Deputies conducted the search and seizure, the Individual Deputies did not have a warrant to conduct the search and seizure.

30. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, the Individual Deputies did not have the express consent of Plaintiff to conduct the search and seizure.

31. At all relevant times before, during, and after the Individual Deputies conducted the search and seizure, the Individual Deputies did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

32. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Deputies observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

33. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff was not subject to a lawful arrest.

34. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

35. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to believe that Plaintiff´s might gain possession of a weapon.

36. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that Individual Deputies might destroy or hide evidence.

37. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

38. When conducting the search and seizure, the Individual Deputies violated Plaintiff´s rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

39. The Individual Deputies conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

40. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

41. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

42. Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Deputies acted with either the knowledge and

intent to violate Plaintiff´s civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff´s civil rights.

43. Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

44. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

45. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

46. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

47. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

48. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

49. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established

according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

50. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51. As alleged herein, on August 22, 2023, the Individual Deputies seized Plaintiff's person. In doing so, the Individual Deputies used unnecessary, unreasonable, and excessive force. Specifically, while Plaintiff was unarmed and inside his home recovering from a gunshot wound, Individual Deputies physically struck him with kicks and punches, including kicking him in the face and striking him while on the floor, causing him to suffer facial bruising, dental injuries, and a head fracture.

52. At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

53. Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

54. At all relevant times and specifically at the time that force was used:

   a. The nature of the crime or other circumstances known to the Individual Deputies was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

   b. The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff posed an immediate threat

to the safety of the Individual Deputies or to others;

c. The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

d. The Individual Deputies had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Deputies.

e. No reasonable law enforcement officer would determine that the amount of force used by the Individual Deputies was reasonable or necessary given the need for the use of force;

f. The Individual Deputies made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Deputies;

g. There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the amount of force used by the Individual Deputies was reasonable, lawful, necessary, or justifiable;

h. There were no Deputies or persons' lives which were at risk by the circumstances or conduct by Plaintiff that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

i. It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Deputies failed to give such warning;

j. There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual

Deputies responding to any calls arising from alleged violence.

55. The Individual Deputies violated Plaintiff´s State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

56. No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

57. Further, the Defendants´ actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

58. Defendants´ unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

59. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants´ conduct posed a significant risk of harm to Plaintiff.

60. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

61. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

62. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

63. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

64. As described above, conduct and actions of the Individual Deputies

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

65.  Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

66.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Denial of Medical Care in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Defendants*)

67.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.  At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged herein.

69.  As described herein, the Individual Deputies breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff's rights by unreasonably denying Plaintiff medical attention as he suffered from a gunshot wound.

70.  The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm

to Plaintiff.

71. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that Plaintiff was not in need of medical attention or that the other conduct of Defendants took precedent over Plaintiff's emergent need of medical attention.

72. Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

73. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

74. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

75. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

76. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

77. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

### THIRD CLAIM FOR RELIEF

**Failure to Prevent Violations of Others in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against All Individual Deputies*)

78. Plaintiff repeats and realleges each and every allegation in the preceding

paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. As described herein, the Individual Deputies violated Plaintiff's civil rights.

80. As Plaintiff's rights were being violated, the Individual Deputies were present and witnessed the conduct of each other Defendant.

81. Based on the facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

82. The Individual Deputies had an affirmative duty to preserve the peace and protect Plaintiff's right to be free from harm and the violation of Plaintiff's rights. This includes the duty to stop others from violating the law and specifically from unlawfully searching, seizing, detaining, and arresting individuals, including the Plaintiff.

83. The Individual Deputies were in a position and had the ability to stop the unlawful conduct against Plaintiff and had knowledge or should have known that his rights were being violated. However, the Individual Deputies intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

84. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

85. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

86. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

87. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

88. As a result of the misconduct alleged herein, the Individual Deputies are

liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

89. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

90. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

91. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

/ / /

/ / /

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abelardo Flores hereby demands a jury trial on all causes of action and prays for relief and judgment against County of San Bernardino and its Individual Deputies as follows:

1. For past and future general damages in an amount to be determined by proof at trial;
2. 
3. For past and future special damages in an amount to be determined by proof at trial;
4. For punitive and exemplary damages against the Individual Deputies;
5. For reasonable attorneys' fees and costs as provided by statute;
6. For all penalties and other special damages as allowable by law;
7. For costs of suit incurred herein;
8. For interest; and
9. For such other and further relief as the Court deems just and proper.

Date: August 14, 2025

KIRAKOSIAN LAW, APC

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN
*Attorneys for Plaintiff,*
ABELARDO R. FLORES